UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>v.<br><br>CODY DEAN ALLEN TWITCHELL,<br><br>                 Defendant. | Case No. 3:22-cr-00039-ART-CLB<br><br>ORDER REGARDING DISCOVERY |

    1. <u>Purpose</u>. The purpose of this order is to effectuate the speedy and orderly administration of justice, ensure the timely transfer of discoverable material, and ensure that delayed disclosures do not infringe on the Defendant's right to a speedy trial or the timely filing of pretrial motions and motions in limine. *See United States v. Grace*, 526 F.3d 499, 508-509 (9th Cir. 2008) ("[T]he district court is charged with effectuating the speedy and orderly administration of justice.") To manage its docket and ensure fairness, the Court may enter pretrial case management orders "designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *Id.* at 509. It is the intent of the Court to encourage complete and open discovery consistent with applicable statutes, case law, and rules of the court at the earliest practicable time. This order requires a record of disclosures to ensure that disclosure obligations have been met, the litigation is confined to substantive matters, and to avoid time-consuming disputes about what was disclosed and when.

    2. <u>Scope</u>. Nothing in this rule should be construed as a limitation on the

court's authority to order additional discovery. The categories delineated below may not address every discovery or disclosure obligation because obligations are often fact specific.

3. <u>Meet and confer</u>. The Court requests that the parties immediately confer and file with the Court a joint proposed order that sets forth deadlines to which both parties agree and that will govern deadlines for disclosure of discovery and notice with respect to the categories set forth below and any additional categories the parties identify that are specific to this case.

4. <u>Deadline</u>. A joint proposed discovery scheduling order should be filed with the Court by December 1, 2022, with respect to the categories set forth below and any additional categories the parties identify that are specific to this case. Should the parties be unable to agree as to a realistic deadline or the applicability of a particular category of discoverable information, the Court directs the parties to contact the Courtroom Administrator and request a status conference.

5. <u>Exculpatory and impeaching evidence</u>. Recognizing that it is sometimes difficult to assess the materiality of evidence before trial, the government is expected to disclose all information and material known to the government which may be favorable to the Defendant on the issues of guilt or punishment, without regard to materiality, within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Giglio*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny. It is the obligation of the government, in preparing for trial, to seek all exculpatory and impeachment information from all members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.

///

///

6. <u>Certification and deadlines</u>. The parties shall certify to the Court whether the following discovery and disclosures have been provided and, if applicable, set deadlines by which time the government will:

| Action | Deadline/s |
|---|---|
| Disclose all discovery pursuant to Fed. R. Crim. P. 16(a). | |
| Provide notice pursuant to Fed. R. Evid. 404(b) and 609. | |
| Provide expert witness disclosures consistent with the anticipated amendment to Federal Rule of Criminal Procedure 16(a)(1)(G) effective December 1, 2022 | Case in Chief:<br><br>Rebuttal: |
| Disclose confidential informants' identities and willingness to be interviewed (if applicable). *See United States v. Montgomery*, 998 F.2d 1468 (9th Cir. 1993). | |
| Disclose all information within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and their progeny without regard to materiality | |
| Disclose all responsive information within the scope of Federal Rule of Criminal Procedure 12.1; 12.2; 12.3 (if applicable) | |

The defense will:

| Action | Deadline |
|---|---|
| Disclose all discovery pursuant to Fed. R. Crim. P. 16(b). | |
| Provide expert witness disclosures consistent with the anticipated amendment to Federal Rule of Criminal Procedure 16(b)(1)(C) effective December 1, 2022. | |
| File written notice of an alibi defense, insanity defense, expert evidence of a mental condition, or public authority | |

3

| | |
|---|---|
| defense consistent with Federal Rule of Criminal Procedure 12.1; 12.2 and 12.3 | |

7. <u>Jencks Act materials.</u> Jencks Act materials and witnesses' statements shall be provided as required by Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500. However, the government and, where applicable, the Defendant are encouraged to make such materials and statements available to the other party sufficiently in advance of trial as to avoid any delays or interruptions.

8. <u>Rough notes</u>. The government shall advise federal agents and officers involved in the action to preserve all rough notes. *See United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

9. <u>Defendant's Disclosure</u>: The Court recognizes that the defense's disclosure obligations under Federal Rule of Criminal Procedure 16(b)(1)(A);(B) are restricted to the information the defendant intends to use in its case in chief in trial, but encourages disclosure in a manner that minimizes delays or interruptions.

10. <u>Continuing duty to disclose</u>: This order contemplates that there will be situations where a continuing investigation by either party uncovers relevant, discoverable evidence. If at any time a party identifies or obtains additional evidence not previously disclosed which is subject to discovery or inspection such party shall promptly disclose its existence. If any such disclosure was delayed without good cause the Court may take remedial action including but not limited to excluding the evidence at trial.

DATED THIS 10th Day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE